/1

FILED

OCT 20 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## POSTED ON WEB SITE

## FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re )     Case No. 05-18578-B-13

Kenneth L. Cleveland, )

       Debtor. )

———————————————

Sara L. Kistler, Acting United States )     Adversary Proc. No. 06-1108
Trustee, )
                          )     DC No. UST-1
       Plaintiff, )     DC No. FPS-1
)
    v. )
)
Kenneth L. Cleveland, )
)
       Defendant. )

———————————————

### MEMORANDUM DECISION REGARDING UNITED STATES TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Jeffrey J. Lodge, Esq., appeared on behalf of Sara L. Kistler, Esq., Acting U.S. Trustee.

Frank P. Samples, Esq., appeared on behalf of the debtor/defendant, Kenneth L. Cleveland (the "Debtor").

      This adversary proceeding posits the question, "What happens to an objection to chapter 7 discharge after the case is converted to chapter 13?" The United States Trustee ("UST") filed this adversary proceeding to deny the Debtor's discharge, or dismiss the case, based on allegations arising under 11 U.S.C. §§ 707(b) and 727(a).[1] The Debtor

---

[1]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy


28

1  failed to file a responsive pleading to the UST's complaint, and consequently his default
2  was entered.  Before the court could enter the default judgment,[2] the Debtor converted his
3  case from chapter 7 to chapter 13.  Presently before the court is the UST's application for
4  entry of a default judgment (the "Application") and the Debtor's motion to vacate the
5  entry of default (the "Motion").  For the reasons set forth below, both the UST's
6  Application and the Debtor's Motion will be DENIED.  Because the discharge objection
7  is no longer justiciable, the adversary proceeding will be stayed so long as the Debtor
8  remains in chapter 13.

9        This Memorandum contains findings of fact and conclusions of law required by
10  Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by
11  Federal Rule of Bankruptcy Procedure 7052).  The court has jurisdiction over this matter
12  pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C.
13  § 157(b)(2)(A).

14  **Background.**

15        The Debtor filed a petition for chapter 7 relief on October 6, 2005.  The section
16  341 meeting of creditors was concluded in November 2005.  Later that month, the UST
17  received information from the chapter 7 trustee suggesting that the Debtor's schedules did
18  not accurately report the Debtor's income and expenses, and that he failed to disclose a
19  substantial loan from his retirement account and the purchase of an automobile.  In
20
21  _____

22  Procedure, Rules 1001-9036, as enacted and promulgated prior to October 17, 2005, the
23  effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of
    2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

24        [2]The bankruptcy courts of this District permit the plaintiff in an adversary
25  proceeding to apply for the entry of default by ex parte application upon a showing that
    the summons and complaint were properly served and that no responsive pleading has
26  been filed.  The default order specifies a procedure for entry of the judgment, either by a
27  noticed hearing with evidence, or in certain circumstances, the judgment may be entered
    upon ex parte application.  Here, the default order required the UST to set the matter for a
28  noticed hearing with supporting evidence.

2

January 2006, the UST requested documents and additional information from the Debtor. The Debtor responded, requesting additional time and consenting to delay entry of the discharge order. The UST requested an extension of time to object to discharge or move to dismiss. The bar date was extended by agreement of the parties to March 17, 2006.

On March 16, 2006, the UST commenced this adversary proceeding with a complaint objecting to discharge under §§ 727(a)(3), 727(a)(4)(a) and 727(a)(5)(the "Complaint"). Alternatively, the UST sought to have the case dismissed under § 707(b) on the grounds that a chapter 7 discharge would be a "substantial abuse." The Complaint, Summons and Notice of Status Conference were served on the Debtor and his counsel on March 21. The Debtor failed to file a responsive pleading.[3]

On March 30, 2006, the Debtor responded to the UST's request for documents by conceding that he did not qualify for a discharge, and offering to have the case dismissed. Specifically, Debtor's counsel wrote:

> Mr. Cleveland contacted me on Monday and at my request provided me with his most recent pay stubs and his 1099 for 2005.
>
> Based upon this evidence he does not qualify for a discharge.
>
> I will sign a stipulation for the case to be dismissed if that is acceptable.

The UST filed an ex parte application for entry of default, which was entered on May 16, 2006. On June 7, the UST filed and served a notice of hearing and this Application for entry of a judgment on the § 727 claims, supported by declarations and exhibits. The Debtor did not file a response to the Application. Instead, four days before the hearing, the Debtor moved to convert his case to chapter 13. An order converting the case was entered on July 5. The Debtor's counsel appeared at the hearing on July 7 and opposed the entry of a judgment solely on the grounds that the case had been converted to chapter 13. After oral argument, the court took the matter under submission.

On July 11, 2006, before the court ruled on the UST's Application, the Debtor

---

[3]The answer was due 30 days after the summons issued.

3

1 filed the present Motion to set aside the entry of default.[4]  The Motion was based on the

2 assertion by Debtor's counsel that the Debtor has meritorious defenses to the Complaint

3 and that he had proposed a chapter 13 plan to pay creditors.  The Motion did not include a

4 proposed responsive pleading, or anything actually signed by the Debtor.  The UST

5 opposed the Motion.  After oral argument on August 9, the court also took the Debtor's

6 Motion under submission.

7          On September 5, 2006, the Debtor successfully confirmed his chapter 13 plan.  It

8 provides for payments of $575 per month for 36 months with a 50% distribution to

9 unsecured creditors.  Neither the UST, the chapter 13 trustee, nor any creditor objected to

10 confirmation of the plan.

11 **Analysis.**

12          **The UST's Objection to Chapter 7 Discharge is Not Justiciable in Chapter 13.**

13          The UST seeks entry of a judgment denying the Debtor's chapter 7 discharge

14 under § 727(a), notwithstanding the fact that the Debtor is now in chapter 13.  The UST

15 argues based on the holding in *Searles v. Riley (In re Searles)*, 317 B.R. 368 (9th Cir.

16 BAP 2004) that an adversary proceeding under § 727 remains viable even though the

17 underlying chapter 7 case is converted to chapter 13.  However, in *Searles*, the debtor was

18 unable to confirm a chapter 13 plan and the court deferred adjudication of the trustee's

19 objection to discharge until the case was reconverted to chapter 7.[5]  Discussing the

20 concepts of abatement and mootness, the court observed that the conversion to chapter 13

21 abated the need to rule on the trustee's § 727 claims, but it did not render the claims as

22 moot based on the "possibility of reconversion to chapter 7."

---

24          [4]The Debtor's Motion was titled "Motion to Set Aside Default Judgment," but
25 upon inquiry by the court, the Debtor's counsel indicated that his Motion was intended to
   set aside entry of the default, not a default judgment, as no judgment has yet been entered.
26
          [5]The trial court in *Searles* did bifurcate and proceed with trial on a disputed issue
27 involving property of the estate.  Resolution of that issue was germane to the court's
28 decision to deny confirmation of the chapter 13 plan.

4

> Since a case converted from chapter 7 to chapter 13 cannot be dismissed as of right under § 1307(b), every such conversion carries with it the possibility of reconversion to chapter 7. . . .

> One implication of the fact that reconversion to chapter 7 cannot be ruled out is that pending litigation addressed to issues specific to chapter 7 may recede into the background while the case is in chapter 13 but may later re-emerge. Although there may be no reason to resolve the chapter 7 discharge question during the pendency of the case in chapter 13, such dormancy does not equate with mootness. . . .

*Searles*, 317 B.R. at 374 (citations omitted).

The *Searles* court also noted that a pending meritorious objection to chapter 7 discharge "may serve the useful purpose of increasing a debtor's incentives to confirm and complete performance of a chapter 13 plan." *Id.* The *Searles* decision has only limited application here because the case was a chapter 7 when the trial court adjudicated the trustee's objection to discharge. The *Searles* decision stopped short of instructing trial courts what to do with a chapter 7 discharge complaint while the case is still in chapter 13.

The court cannot rule on the UST's Application at this time because it is not justiciable; i.e., there is no case or controversy. The voluntary conversion to chapter 13 terminated the application of chapter 7 before the hearing on the UST's Application. The Complaint arises under §§ 707 and 727 of the Bankruptcy Code, which are found in subchapters I and II of chapter 7. Under § 103(b), "Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." By the plain meaning of the Bankruptcy Code, §§ 707 & 727 do not apply so long as the case is in chapter 13. A ruling under those Code sections is unnecessary and would be inappropriate at this time.

The "case or controversy" doctrine, which limits the jurisdiction of federal courts, was recently summarized by the Ninth Circuit in *Earth Island Institute v. Ruthenbeck*, 459 F.3d 954, 961-62 (9th Cir. 2006):

/ / /

/ / /

/ / /

5

1  "The jurisdiction of federal courts is defined and limited by Article III of the
   Constitution. In terms relevant to the question for decision in this case, the judicial
2  power of federal courts is constitutionally restricted to 'cases' and
   'controversies.'" *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947
3  (1968). Courts must refrain from deciding abstract or hypothetical controversies
   and from rendering impermissible advisory opinions with respect to such
4  controversies. *See id.* at 96, 88 S.Ct. 1942. "[A] federal court has neither the power
   to render advisory opinions nor to decide questions that cannot affect the rights of
5  litigants in the case before them. Its judgments must resolve a real and substantial
   controversy admitting of specific relief through a decree of a conclusive character,
6  as distinguished from an opinion advising what the law would be upon a
   hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330,
7  45 L.Ed.2d 272 (1975) (internal quotation marks omitted). An advisory opinion
   results if the court resolves a question of law that is not presented by the facts of
8  the case. *See, e.g., In re Michaelson*, 511 F.2d 882, 893 (9th Cir.1975). ("[I]t
   would be constitutionally improper for us to reach this question since the issue
9  lacks the necessary facts to make it concrete.").

10  Here, the UST is essentially asking the court to issue an advisory opinion because

11  the question of a chapter 7 discharge has no meaning so long as the Debtor is in chapter

12  13. The court is being asked to make a ruling based on a hypothetical set of facts; i.e.,

13  "Would the Debtor be entitled to a discharge if he were in chapter 7?" The entry of a

14  judgment against the Debtor cannot affect the rights of the Debtor so long as he remains

15  in chapter 13. This is not to say that the facts alleged in the Complaint would not have

16  been relevant to the Debtor's good faith and to confirmation of his chapter 13 plan.[6]

17  § 1325(a)(3). *See In re Warren*, 89 B.R. 87, 93-94 (9th Cir. BAP 1988); *In re Padilla*,

18  213 B.R. 349, 352-53 (9th Cir. BAP 1997). However, as noted above, the Debtor has

19  now confirmed a chapter 13 plan without any objection There is nothing in the record to

20  suggest that the Debtor is not performing under his plan and the court must presume that

21  he will eventually receive a discharge under § 1328.

22  ///

---

[6]The UST argues that the Debtor's conversion to chapter 13 is a mere "delaying
tactic," rather than a sincere effort to reorganize and pay his debts. This argument is not
supported by any evidence, and it is belied by the Debtor's chapter 13 plan which
provides a 50% distribution to general unsecured creditors. The UST did not object to
conversion or to plan confirmation. Moreover, the Debtor's motive for converting to
chapter 13 is irrelevant to the "case or controversy" issue before the court.

6

1    **The Debtor Has Not Shown "Good Cause" to Set Aside the Entry of Default.**

2    The Debtor asks the court to vacate the entry of default. The default order was

3    entered before the case was converted to chapter 13, so it was not affected by the

4    justiciability problem discussed above. Moreover, the conversion does not preclude the

5    court from ruling on the Debtor's Motion; the ruling is appropriate to clarify the status of

6    the adversary proceeding.

7    Federal Rule of Civil Procedure 55 (made applicable to this adversary proceeding

8    by Fed.R.Bankr.P. 7055) provides that a default may be entered against a party against

9    whom a judgment for affirmative relief is sought. Rule 55(c) allows a court to set aside

10   an entry of default for "good cause shown." The "good cause" analysis under Rule 55(c)

11   considers three factors:

12       (1) whether the defendant engaged in culpable conduct that led to the default;

13       (2) whether setting it aside would prejudice the adversary; and

14       (3) whether defendant has presented a meritorious defense.

15   *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.* 375 F.3d 922, 925-26
     (9th Cir. 2004) (citation omitted).
16

17   The above factors are disjunctive, meaning that the trial court may decline to

18   vacate the default based on any one of the three factors. *Id.* at 926 (citation omitted). The

19   defendant bears the burden of showing that any of the three factors favor setting aside the

20   default. *Id.* (citation omitted).

21   First, the Debtor's failure to respond to the UST's request for documents, the

22   Debtor's failure to answer the UST's Complaint, and the Debtor's election to convert this

23   case to chapter 13 instead of responding to the UST's Application for judgment, all

24   demonstrate that the default was a willful choice by the Debtor. Although the Debtor's

25   election to convert to chapter 13 is not, by itself, a "culpable act," it was done after a

26   lengthy delay and to avoid entry of an adverse judgment. It also shows that the Debtor

27   did not intend to defend the Complaint on the merits, thereby validating the default. It is

28   not clear why the Debtor now wants the default vacated, since it has no meaning in

7

1  chapter 13, except to suggest that the Debtor wants to preserve a "second chance" to

2  defend the adversary proceeding should his chapter 13 prove unsuccessful.

3        Second, the court is persuaded that the UST would be prejudiced if the default

4  were set aside. The UST is vested with the responsibility to oversee the administration of

5  bankruptcy cases. 28 U.S.C. § 586(a)(3). The UST has limited resources, yet she

6  devoted substantial time and effort in trying to work with the Debtor to avoid litigation in

7  the first place. The Debtor could have converted his case to chapter 13 as early as March

8  2006, when his attorney acknowledged that there was a potential problem with the

9  Debtor's ability to receive a chapter 7 discharge. Yet the case remained in chapter 7 for

10  another three months. The delay forced the UST to invest the time and prepare the

11  pleadings necessary to move this adversary proceeding forward. The Debtor had

12  numerous opportunities to respond to the UST and to avoid the unnecessary expenditure

13  of resources.

14        Third, the Debtor has failed to present a meritorious defense to the UST's

15  objection. The Debtor filed nothing in response to the UST's Application to show that he

16  has any defense. The Debtor's counsel filed a declaration regarding the Debtor's income

17  in support of the Motion, and denying that the Debtor made improper statements on his

18  schedules. The UST objected to the testimony of the Debtor's counsel on "hearsay"

19  grounds. The court agrees and hereby sustains the UST's evidentiary objection. The

20  attorney's declaration of facts that could only have come from the Debtor is either hearsay

21  or speculation. In addition, the Debtor's Motion fails altogether to address the allegations

22  in the Complaint relating to the omission of material information from the Debtor's

23  schedules. The court is not persuaded that the Debtor has shown "good cause" to set

24  aside the entry of default.

25  / / /

26  / / /

27  / / /

28  / / /

8

1    **The Adversary Proceeding Should be Stayed While the Debtor Remains in**
2    **Chapter 13.**

3        The circumstances presented here compel the court to order a stay of the adversary

4    proceeding.  "The power to stay proceedings is incidental to the power inherent in every

5    court to control the disposition of the causes on its docket with economy of time and

6    effort for itself, for counsel, and for litigants.  *Air Line Pilots Ass'n v. Miller*, 523 U.S.

7    866, 879, 118 S.Ct. 1761, 140 L.Ed.2d 1070 n.6 (1998) (citation omitted).  "A trial court

8    may, with propriety, find it is efficient for its own docket and the fairest course for the

9    parties to enter a stay of an action before it, pending resolution of independent

10   proceedings which bear upon the case."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593

11   F.2d 857, 863 (9th Cir. 1979).

12       As discussed above, the court cannot rule on the UST's Application so long as the

13   case remains in chapter 13.  Dismissal of the adversary proceeding is not the fairest

14   course of action because that would essentially nullify much of the UST's efforts up this

15   point.  This adversary proceeding is not moot because the case could be reconverted to

16   chapter 7 should the Debtor fail to complete his plan.  *Searles*, 317 B.R. at 374.  Multiple

17   "wait and see" status conferences would be an administrative burden on the court and an

18   unfair burden and expense to the litigants.  The Debtor is entitled to the presumption that

19   he will successfully complete his chapter 13 plan, and receive his chapter 13 discharge.

20   Until then, the UST retains her right to move for entry of a judgment should the chapter

21   13 prove unsuccessful.  In the interest of fairness to the litigants and judicial economy,

22   the adversary proceeding must be stayed until and unless the case is reconverted to

23   chapter 7.

24   **Conclusion.**

25       Based on the foregoing, the UST's Application for Entry of Default Judgment will

26   be denied without prejudice.  The Debtor's Motion to Set Aside Default will also be

27   denied.  The adversary proceeding will be stayed.  For administrative purposes, the

28   adversary proceeding will be closed until and unless the case is reconverted to chapter 7.

9

1  In that event, the adversary proceeding may be reopened, and the stay may be modified,

2  on application of either party on 10 days' notice.

3      Dated: October ___20___, 2006

4

5

6  _____
W. Richard Lee, Judge
United States Bankruptcy Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
hereby certifies that a copy of the document to which this
certificate is attached was mailed today to the following
entities listed at the address shown on the attached list or
shown below.

Kenneth L. Cleveland          Frank P. Samples              M. Nelson Enmark
6412 Parsons Way              1331 L St.                    3447 W. Shaw Ave.
Bakersfield,  CA 93307        Bakersfield,  CA 93301        Fresno,  CA 93711

U.S. Trustee
Jeffrey Lodge
2500 Tulare St. #1401
Fresno,  CA 93721

DATED:  10/23/06          By: *C. Rosenthal*
                                   Deputy Clerk

EDC 3-070  (New 4/21/00)